**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**STEPHANIE WILSON,**

        **Plaintiff(s),**        **CASE NUMBERS: 07-13394 and 07-13395
HONORABLE VICTORIA A. ROBERTS**

**v.**

**MAMMOTH VIDEO, Inc.,
RACHEL RENEE JENNINGS,
EDWARD WORKMAN,
COUNTY OF MONROE,
TILMAN CRUTCHFIELD, and
MIKE DePEW,**

        **Defendant(s).**
_____/

**ORDER**

On July 23, 2008, Plaintiff Stephanie Wilson ("Wilson") served Defendants a "Notice of Taking Deposition Duces Tecum of Cynthia Cook, Assistant Monroe County Prosecutor."

On August 11, 2008, Defendants filed a "Motion to Quash Subpoena Duces Tecum as to Cynthia Cook." (Doc. #20). Defendants asked the Court to quash the subpoena and notice of deposition pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii) because Cynthia Cook is no longer a Monroe County employee, and she resides in New York.

Defendants' motion was referred to Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen granted the motion on November 25, 2008. (Doc. #37).

On December 11, 2008, Wilson filed a "Motion Requesting Reconsideration of the Judicial Ruling and Written Order - Dated - November 25, 2008 Based Upon the

1

Applicable U.S. Law and a Request to Vacate and Strike this Void Prejudicial Written Order for Good Cause Forthwith." (Doc. #42). She also filed an "Affidavit of Plaintiff - Stephanie Wilson in Support of Defendant's[sic] Motion for Rehearing of the Written Motion to Quash the Subpoena Duces Tecum as to Cynthia Cook and Request to Vacate the Order Granting Motion to Quash the Subpoena - Dated November 25, 2008." (Doc. #43). This Court treats Wilson's motion as an objection to the Magistrate Judge's Order dated November 25, 2008.

Wilson says the Magistrate Judge's Order: (1) is unsound and illegal; (2) was erroneously issued; (3) prevents her from conducting pre-trial discovery and presenting essential facts to this Court; (4) restricts her ability to legally challenge Defendants' Motion to Dismiss and/or Motion for Summary Judgment; (5) is contrary and inconsistent with controlling United States law and the judicial mandates of the Sixth Circuit Court of Appeals; (6) is prejudicial; (7) void; (8) constitutes a miscarriage of justice; and (9) does not explain why the motion to quash was granted. Wilson asks the Court to "strike and vacate" the November 25th Order.

Fed. R. Civ. P. 45(c)(3)(A)(ii) says:

On timely motion, the issuing court must quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held[.]

The Magistrate Judge correctly quashed the subpoena and notice of deposition. Cynthia Cook is not a party nor a party's officer and she resides more than 100 miles from Michigan.

2

Wilson's motion is **DENIED**.

**IT IS ORDERED**.

                                                      s/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: December 18, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 18, 2008.

s/Linda Vertriest
Deputy Clerk

---