UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE WILSON,                                   Nos. 07-13394, 07-13395

        Plaintiff,                                   District Judge Victoria A. Roberts

v.                                                  Magistrate Judge R. Steven Whalen

COUNTY OF MONROE, ET. AL.,

        Defendants.
                                                /

**REPORT AND RECOMMENDATION**

Plaintiff Stephanie Wilson filed the instant actions *pro se* on August 14, 2007, alleging violations of her First, Fourth, Fifth, Eighth and Fourteenth Amendment rights under 42 U.S.C. §§1981, 1983, 1985, as well as various state law claims. She subsequently retained counsel, who filed an amended complaint on April 7, 2008. Before the Court are two motions for summary judgment and/or to dismiss in each of these consolidated cases:

**In Case No. 07-13394** are (1) Motion to Dismiss and/or for Summary Judgment [**Docket #26**], filed August 29, 2008, by Defendants Monroe County, Sheriff Tilman Crutchfield and Deputy Mike Depew; and (2) Motion to Dismiss and for Summary Judgment [**Docket #23**], filed August 25, 2008, by Defendants Mammoth Video and Rachel Renee Jennings.

**In Case No. 07-13395** are (1) Motion to Dismiss and for Summary Judgment [**Docket #27**], filed August 25, 2008, by Defendants Mammoth Video and Rachel Renee Jennings;

and (2) Motion to Dismiss and/or for Summary Judgment [**Docket #30**], filed August 29, 2008, by Defendants Monroe County, Sheriff Tilman Crutchfield and Deputy Mike Depew.

All four motions have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that all four motions be GRANTED, and that the complaints be DISMISSED WITH PREJUDICE.

## I. FACTUAL BACKGROUND

Plaintiff's First Amended Complaints, filed in each case on April 7, 2008,[1] contain the following factual allegations. On January 15, 2004, Plaintiff entered a Monroe, Michigan Mammoth Video ("Mammoth") branch store for the purpose of returning two overdue videos. *Id.* at ¶15. Plaintiff alleges that she and Defendant Jennings, an employee of Mammoth on duty at the time of the incident, engaged in a verbal exchange after which Defendant Jennings initiated a "physical altercation." *Id.* at ¶17. Plaintiff alleges that she was placed under arrest by Defendant officers and charged with assault and battery as a result of Jennings' false report to the Monroe County Sheriff's Department. *Id.* at ¶18. Plaintiff alleges that the criminal case was dismissed on August 16, 2004. *Id.* at ¶20. The Complaints contains the following counts:

> Count I. Violations of 42 U.S.C. §1981 by Defendants Mammoth and Jennings
> Count II. Violations of 42 U.S.C. §1983 - Conspiracy by all Defendants
> Count III. Violations of 42 U.S.C. §1983 - False Arrest by Defendants Monroe

---

[1] Docket #13 in Case No. 07-13394, and Docket #18 in Case No. 07-13395. The two cases were consolidated on March 7, 2008, and the complaints are identical in both cases.

-2-

      County, Crutchfield, and DePew.
Count IV.  Violations of 42 U.S.C. §1983 - Wrongful Detention and Confinement by
      Defendants Monroe County, Crutchfield, and DePew.
Count V.  Violations of 42 U.S.C. §1983 - Strip Search by Defendants Monroe
      County, Crutchfield, and DePew.
Count VI.  Refusing or Neglecting to Prevent Violations of 42 U.S.C. §1983 by
Defendants Monroe  County, Crutchfield, and DePew.
Count VII.  Malicious Prosecution by All Defendants
Count VIII.  Abuse of Process by All Defendants
Count IX.  False Arrest and Imprisonment by Defendants Monroe County,
      Crutchfield, and DePew.
Count X.  Assault by All Defendants
Count XI.  Battery by All Defendants
Count XII.  Intentional Infliction of Emotional Distress by All Defendants.
Count XIII.  Negligent Infliction of Emotional Distress by All Defendants.

Plaintiff requests compensatory, exemplary, and punitive damages.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley* , 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*,

127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.

*Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.  ANALYSIS

Although the underlying incident forming the basis of the Complaint occurred on January 15, 2004, Plaintiff did not file suit until more than three years later, on August 14, 2007. As discussed below, her claims are time-barred.

In a §1983 action, federal courts apply state personal injury statutes of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). For civil rights suits filed in federal court in Michigan under §§1981 and 1983, the statute of limitations is three years. *See* M.C.L. §600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). *See also NAACP, Detroit Branch v. Detroit Police Officers Ass'n (DPOA),* 676 F.Supp. 790, 794 (E.D.Mich.1988)(Gilmore, J.). "Although *Wilson* held that state law

provides the statute of limitations in section 1983 actions, it also reaffirmed that federal law and not state law is relevant for the purpose of characterizing a section 1983 claim." *McCune v. City of Grand Rapids* 842 F.2d 903, 905 (6th Cir. 1988)(*citing Wilson,* 471 U.S. at 268-71, 105 S.Ct. at 1943-45).  Under federal law, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (*citing Sevier v. Turner,* 742 F.2d 262, 273(6th Cir.1984)).

### A. Counts I-II, IV-VI

The underlying events at Mammoth Video giving rise to the present suit occurred on January 15, 2004.  A warrant was authorized on February 10, 2004.  *Docket #26,* Exhibit 5. On March 10, 2004, after receiving a notice to appear, Plaintiff turned herself in to the Sheriff's Department where she was booked, arraigned on the charge of assault and battery, and released.  *Id.* Exhibit 6 at pgs. 41-50.  On June 21, 2004, Plaintiff agreed to "take and complete [a] problem solving workshop" as a condition of bond. *Id.,* Exhibit 7 at 2.  On August 16, 2004, Plaintiff paid a statutory fine of $100.00 and the case was dismissed.  With the exception of the August 16, 2004 dismissal (relating to Count VII, malicious prosecution), all of the events giving rise to the present claims occurred well over three years before Plaintiff filed suit on August 14, 2007.

As such, Count I of the Complaint, alleging §1981 violations by Defendants Mammoth and Jennings on January 15, 2004 is time-barred. Likewise, Count II

(conspiratorial actions by all Defendants), Counts IV-V (Fourth Amendment violations by Defendants Crutchfield, and DePew either before or during the course of Plaintiff's March 10, 2004 arraignment and booking), and Count VI (construed as supervisory liability or "failure to train" claims against Defendant Monroe County pertaining to same events) are time-barred.

### B. Count VII

Plaintiff's state claim of malicious prosecution is also time-barred. In *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603 (1998), the Michigan Supreme Court described the following elements of malicious prosecution: (1) the defendant initiated a criminal prosecution against the plaintiff, (2) the criminal proceedings terminated in the plaintiff's favor, (3) the person who initiated the prosecution lacked probable cause to do so, and (4) the action was taken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. Malicious prosecution is governed by a two-year statute of limitations in Michigan. *Kurz v. State of Mich.*, 548 F.2d 172, 174 (6th Cir. 1977); M.C.L. 600.5805(5).

In contrast to Plaintiff's other claims, allegations of malicious prosecution accrue at the time of a "favorable termination."  "With regard to a malicious-prosecution claim, '[t]ermination of the underlying criminal proceedings in the plaintiff's favor is a necessary element of the civil cause of action for malicious prosecution.'"*Wolfe v. Perry,* 412 F.3d 707, 715 (6th Cir. 2005)(*citing Gebhardt v. O'Rourke,* 444 Mich. 535, 510 N.W.2d 900, 907

(1994)).  However, even assuming that the August 16, 2004 dismissal of the assault and battery charges in exchange for anger management therapy constitutes a "favorable termination,"   Plaintiff was required to file suit within two years of August 16, 2004 termination.  Because she did not file suit in within two years of the dismissal of her criminal charge, her state malicious prosecution claim is time-barred.

A *federal* malicious prosecution claim grounded in the Fourth Amendment has a three-year statute of limitation. *See Pallisco v. Huron Tp.,* 2006 WL 901655, *7  (E.D.Mich. 2006)(*citing Chippewa Trading Co. v. Cox,* 365 F.3d 538, 543 (6th Cir.2004)("a malicious prosecution claim under § 1983 has a statute of limitations of three years").[2]  Assuming that Plaintiff's federal claim accrued on August 16, 2004 when the criminal charges were dismissed, the August 14, 2007 filing would have been timely.  However, neither Plaintiff's original complaints nor the Amended Complaints, filed by Plaintiff's former attorney gives any indication that Plaintiff intended to include a federal claim of malicious prosecution pursuant to §1983.[3]

---

[2] The Supreme Court in *Wallace v. Kato* 549 U.S. 384, 390 (fn2), 127 S.Ct. 1091, 1096,  166 L.Ed.2d 973 (2007) noted that it has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983 . . . and we do not do so here."  *See also Albright v. Oliver,* 510 U.S. 266, 270-271, 275, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion).  The Sixth Circuit has recognized a "constitutionally cognizable claim of malicious prosecution under the Fourth Amendment."  *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003). *See also Ahlers v. Schebil,* 966 F.Supp. 518, 531 (E.D.Mich.1997)(Rosen, J.).

[3] After Plaintiff's counsel was permitted to withdraw, Plaintiff filed a motion in each case to withdraw strike the amended complaints and to file her own amended

Nevertheless, even if the Complaints were construed to allege a federal malicious prosecution claim, they would be nonetheless subject to dismissal on their merits. Even assuming that Plaintiff could show that the bargained-for dismissal in exchange for undergoing anger management therapy constituted a "favorable termination," and that Defendants acted with malice in instituting claims, she cannot establish, under any rational view of the facts, that Defendants lacked probable cause for charging her with assault and battery. A finding of lack of probable cause is the *sine qua non* of any malicious prosecution claim. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).

A police report written on the day of the incident indicates that Defendant Jennings, the complaining witness, told police that Plaintiff "'backhanded' her in the right side of the face." *Docket #26,* Exhibit 2 at 2. Defendant Offier Depew noted that, consistent with Jennings' version of events, the clerk "had a red mark on the right side of her face." *Id. See also,* Exhibit 3, *Affidavit of Rachael Jennings*. The police report also shows that Depew interviewed disinterested witness Edward Workman, a Mammoth customer, who stated that he observed Plaintiff strike Jennings in the face, then exit the store and drive away. *Id.* Exhibit 4, *Affidavit of Edward Workman.* Depew states that he attempted to interview Plaintiff by tracing her home address through a license plate number provided by Workman, but found the residence abandoned. *Id.* Depew concluded the report by stating that based

---

complaints. By separate order, I have denied those motions, because even under the facts alleged in her original complaint, Plaintiff's claims are either time-barred or–in the case of a federal malicious prosecution claim–dismissible on the merits.

upon testimony and evidence showing that Plaintiff struck Jennings, he would "be seeking charges for assault and battery with the Monroe County Prosecutor's Office." Exhibit 2 at 3.

Under these facts, the only reasonable determination is that there was probable cause to charge the Plaintiff, and no rational trier of fact could find otherwise. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) ("In general, the existence of probable cause in a § 1983 action presents a jury question, *unless there is only one reasonable determination possible*.") (Emphasis added).

### C.  Counts III and IX-XI

Plaintiff's constitutional claim of false arrest by Defendants Monroe County, Crutchfield, and Depew (Count III) and state claims of false arrest and imprisonment by same Defendants are also time-barred.  M.C.L.  600.5805 states that "[a] person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff " the action is commenced within the two year limitation period for false imprisonment." "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384, 397, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007); *see also Fox v. DeSoto* 489 F.3d 227, 235 (6th Cir. 2007).  Because Plaintiff did not file suit within three years of her March 10, 2004 arraignment–the latest date at which the claim would have accrued–both her federal and state claims of false

arrest/imprisonment are subject to dismissal. Likewise, Plaintiff's state claims of assault (Count X) and battery (County XI) by all Defendants are time-barred under M.C.L. 600.5805(2). "The period of limitations is two years for an action charging assault [or] battery." *Id.*

### D.  Count VIII

"To recover pursuant to a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Bonner v. Chicago Title Ins. Co.,* 194 Mich.App. 462, 472-473, 487 N.W.2d 807, 812 - 813 (Mich.App. 1992). "The ability to maintain the action does not depend either on the absence of probable cause for the initial proceeding or on its termination in favor of the abuse of process plaintiff." *Westmac, Inc. v. Smith,* 797 F.2d 313, 321 (6th Cir. 1986); *Petersen v. Everett,* 2001 WL 1545897, *1 (Mich.App. 2001); MCL 600.5805(10).

Unlike the malicious prosecution claim, this claim accrued, at the latest, when Plaintiff was arraigned on March 10, 2004.  As such, her claim is extinguished by the three-year statute of limitations.  Put differently, although Plaintiff would argue that present Defendants "abused the process" up until the time of the August 16, 2004 dismissal, because she was aware of the alleged tort at least as early as March 10, 2004, her claim expired three years after that date, on March 10, 2007.

### E.  Counts XII and XIII

Similarly, Counts XII (intentional and infliction of emotional distress) and XIII (negligent infliction of emotional distress) against Defendants (all of whom were either parties to the underlying incident or law enforcement officials) would accrue, at the latest, when Plaintiff was arraigned on March 10, 2004.  Even assuming that Defendants continued to build a false case against Plaintiff subsequent to her arraignment, the court docket sheet indicates that on June 21, 2004, she agreed to undergo anger management classes in exchange for the dismissal of the charges. *Docket #26,* Exhibit 7 at 2.  Plaintiff does not allege misconduct by any of present Defendants subsequent to the June 21, 2004 agreement.  Thus, even generously taking June 21st as the date of accrual, Plaintiff's claims of intentional and negligent infliction of emotional distress are barred by Michigan's three-year statute of limitations.  *Dennis v. Robbins Funeral Home,*  428 Mich. 698, 700, 411 N.W.2d 156, 156 (Mich. 1987).

## IV.  CONCLUSION

For these reasons, I recommend that all four motions for dismissal and/or summary judgment [Docket #23 and #26 in Case No. 07-13394; and Docket #27 and #30 in Case No. 07-13395] be GRANTED, and that both Complaints be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 13, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 13, 2009.

s/Susan Jefferson

Case Manager